[No. 18958.  Department Two.  April 28, 1925.]

E. A. THORPE *et al., Appellants,* v. SWAN HOVICK *et al.,*
*Respondents.*[1]

BILLS AND NOTES (81, 123)—PAYMENT—STATUTORY PROVISIONS—
PRESUMPTION FROM POSSESSION.  A bill or note is presumed to be
unpaid while in the possession of the payee, in the absence of
marks showing payment.

SAME (115)—PLEADING—PAYMENT—BURDEN OF PROOF.  Defendant
having the burden of proving payment, plaintiff need not support
his allegation of nonpayment, other than by production of the note.

MECHANICS' LIENS (71)—PRIORITY—MORTGAGES—TIME OF FILING.
Mortgages filed prior to the commencement of the furnishing of
material or the performance of labor take precedence over me-
chanics' liens.

Appeal from a judgment of the superior court for
King county, Smith, J., entered April 11, 1924, upon
findings favorable to defendant mortgagees, in an
action to foreclose mechanics' liens, tried to the court.
Affirmed.

*Baxter, Jones & Hughes,* for appellants.

*Paul Carrigan,* for respondent Continental Mutual
Savings Bank.

*Roberts & Skeel* and *J. J. Geary,* for respondent
Liberty Construction Company.

MITCHELL, J.—This action was brought by Thorpe
and Adolph to foreclose liens for labor performed and
material furnished at the request of the defendant
Swan Hovick, in the construction of two houses, one
house on each of lots 10 and 11, block 11, Squire Park
Addition to Seattle.  They alleged, in their amended
complaint on which the case was tried, that the de-
fendants Continental Mutual Savings Bank and the

[1]Reported in 235 Pac. 14.

Liberty Construction Company each claimed some right or interest in the property, but that it, if any, was inferior to the liens of the plaintiffs.

The Continental Mutual Savings Bank and the Liberty Construction Company each separately answered, and in a cross-complaint set up and prayed for the foreclosure of a separate real estate mortgage on each of the two lots, alleging that such mortgages were superior to the rights of the plaintiffs' liens for labor and material. Swan Hovick made no appearance against the plaintiffs or cross-complainants, and by order duly entered was declared to be in default.

On the trial of the case, findings, conclusions and judgment were signed and entered for money judgments against Hovick in favor of the plaintiffs and also in favor of the cross-complainants, foreclosing the liens of the plaintiffs and the mortgages of the cross-complainants. It was further found and adjudged that the plaintiffs' liens were inferior to the mortgage liens of the Continental Mutual Savings Bank and of the Liberty Construction Company. The plaintiffs have appealed from that portion of the judgment preferring the mortgages of the cross-complainants over the plaintiffs' liens.

The first assignment is that the court erred in granting any judgment at all in favor of the Continental Mutual Savings Bank on its notes and mortgages, without proof that the notes were not paid. As already stated, judgment by default was taken against the maker of the notes, and while it is true that no one on behalf of the bank testified in words that the notes had not been paid, still in making out its case at the trial, the bank delivered the notes out of its possession and put them in evidence. They have no endorsement showing payment nor is there any other kind of proof of payment. Two rules may be mentioned. First,

"A bill or a note is presumed to be still unpaid while in the possession of the payee or his personal representative or plaintiff, in the absence of marks or endorsements showing payment." 8 C. J., Bills and Notes, § 1320.

Second,

"As a matter of pleading it is necessary for the plaintiff in an action on a bill or note to allege the non-payment thereof, but it is not necessary for him to support such allegations by any proof other than that which is necessarily attendant on the introduction of the note in evidence, or its proof in case the note or bill has been lost or destroyed; and the rule is elementary that where the defendant in an action on a promissory note claims that the same has been paid in part or in full, he has the burden of proving such payment." 3 R. C. L., Bills and Notes, § 518.

The other two assignments of error present the question of whether the mortgages of the respondents were filed of record in the county auditor's office prior to the commencement of the furnishing of material or the performance of labor by the appellants on the lots or buildings, or either of them. This is but a question of fact upon which the testimony was conflicting, and upon an examination and consideration of the testimony, we cannot say that it preponderates against the findings and conclusions of the trial court which, as already stated, were in favor of the respondents.

Judgment affirmed.

TOLMAN, C. J., FULLERTON, HOLCOMB, and MACKINTOSH, JJ., concur.